NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0655n.06

No. 12-6401

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | *Jul 16, 2013* |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CLIFFORD DALE VISAGE, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS and McKEAGUE, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM.  Clifford Dale Visage appeals his sentence.

In 2004, Visage pleaded guilty to possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  The district court sentenced him to 21 months in prison, to be followed by two years of supervised release.  In 2007, Visage admitted that he violated the conditions of his supervised release in several ways, including by having sexually explicit communications with minors and by viewing sexually explicit photographs of minors.  The district court revoked Visage's supervised release and sentenced him to 12 months in prison, to be followed by eight years of supervised release.  In 2010, Visage again admitted that he violated the conditions of his supervised release in several ways, including by having unauthorized contact with minors and by failing to

---

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

No. 12-6401
*United States v. Visage*

notify a third party that he is a sex offender. The district court revoked Visage's supervised release and sentenced him to 23 months in prison, to be followed by a life term of supervised release.

In 2012, Visage admitted for a third time that he violated the conditions of his supervised release in several ways, including by having unauthorized contact with minors. The district court revoked Visage's supervised release and sentenced him to 23 months in prison, to be followed by a life term of supervised release.

On appeal, Visage argues that his sentence is unreasonable because the district court failed to acknowledge his guidelines range of imprisonment and failed to adequately explain the basis for the sentence. We review sentences imposed following revocation of supervised release under an abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009). A sentence may be procedurally unreasonable where a district court fails to calculate the defendant's guidelines range of imprisonment or fails to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence may be substantively unreasonable where a district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent sentencing factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008).

Visage's sentence is both procedurally and substantively reasonable. During the revocation hearing, the district court acknowledged that it had received a copy of the probation officer's report that identified the guidelines range, and the court heard arguments from defense counsel that Visage should receive a within-guidelines sentence and from the government that Visage should receive an

No. 12-6401
*United States v. Visage*

above-guidelines sentence of 23 months. While the district court did not explicitly discuss Visage's guidelines range of three to nine months in prison, it is reasonably clear from the record that the court was aware of the guidelines range and exercised its discretion to vary upward. Further, the court adequately explained that the above-guidelines sentence and life term of supervised release were necessary based on Visage's repeated violations while on supervised release, the fact that he had made an effort to act on his sexual interest in minors, and the need to protect the public. Finally, Visage's sentence is substantively reasonable because the record does not show that the district court selected the sentence arbitrarily, considered an impermissible factor, or failed to properly weigh the relevant sentencing factors.

      Accordingly, we affirm Visage's sentence.