*F I L E D*

*Clerk, U. S. District Court*
*Eastern District of Tennessee*
*At Chattanooga*
*AUG 2 9 2013*

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Eastern District of Tennessee | |
|---|---|---|
| Name (under which you were convicted): | | Docket or Case No.: |
| CLIFFORD DALE VISAGE | | |
| Place of Confinement: Federal Correctional Institution Ashland, Kentucky | Prisoner No.: | |
| | 40998-074 | |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) | |
| V. CLIFFORD DALE VISAGE | | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: _____

   United States District Court, Eastern District of Tennessee

   900 Georgia Avenue, Room 309

   Chattanooga, Tennessee 37402

   (b) Criminal docket or case number (if you know): 1:04-cr-114

2. (a) Date of the judgment of conviction (if you know): August 11, 2004

   (b) Date of sentencing: Nov. 29, 2004 (sentencing on current revocation: Oct. 25, 2013)

3. Length of sentence: 21 months imprisonment, 24 months supervised release (sub-
   sequently enlarged to life).

4. Nature of crime (all counts): Possessing child pornography through interstate com-
   merce, 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

   _____

   _____

   _____

   _____

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐          (2) Guilty ☒          (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
   what did you plead guilty to and what did you plead not guilty to? n/a.

   _____

   _____

   _____

   _____

6. If you went to trial, what kind of trial did you have? (Check one) n/a    Jury ☐    Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes ☐                    No ☒

8.  Did you appeal from the judgment of conviction?          Yes ☐              No ☒*
    *The supervised release revocation which is the subject of this motion was
9.  If you did appeal, answer the following: appeal, and described as follows:

    (a) Name of court:   United States Court of Appeals for the Sixth Circuit

    (b) Docket or case number (if you know):   12-6401

    (c) Result: Sentence imposed upon revocation affirmed.

    (d) Date of result (if you know):  July 16, 2013

    (e) Citation to the case (if you know):  unknown

    (f) Grounds raised: The sentence imposed upon the supervised release revocation was
    unreasonable.

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes   ☐          No ☒

        If "Yes," answer the following:  n/a

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications,
    concerning this judgment of conviction in any court?
    Yes ☐        No ☒

11. If your answer to Question 10 was "Yes," give the following information:  n/a
    (a) (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

same

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ☐     No ☐

(2) Second petition:     Yes ☐     No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Records and recollections related to the plea agreement and guilty plea indicate, incorrectly, a maximum possibility of three years of super-vised release; however, the aggregated terms of imprisonment imposed for supervised release violations exceed 36 months.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner, Clifford Dale Visage ("Visage"), is currently serving a 23-month prison sentence for a supervised release violation. The underlying conviction is based on Visage's guilty plea to a one-count Bill of Information charging a violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) on July 10, 2003. Visage's guilty plea is the result of a plea agreement he reached with the United States.

Visage has a general impression that he was informed that the maximum term of supervised release that could be imposed upon his conviction was three years. Although Visage holds this impression, he cannot recall why it is held. The written plea agreement is silent regarding supervised release. When Visage pleaded guilty, the presiding judge told him that he would be on supervised re-lease "for a while," but did not specify a precise          (continues, next page)

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐       No ☒x

(2) If you did not raise this issue in your direct appeal, explain why:   My attorney declined to present this issue to the Court of Appeals.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?   n/a

Yes ☐       No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐       No ☐

maximum possible term of supervised release. When Visage pled guilty, he had already formed a reasonable belief that he could be placed on supervised release for up to three years, and the judge's comment seemed consistent with that belief. The Presentence Report prepared for his sentencing said the maximum term of supervised release for Visage's conviction was three years, and Visage was sentenced to two years of supervised release following his imprisonment.

In fact, the PROTECT Act, Pub. L. 108-21 (Apr. 30, 2003), 117 Stat. 650, increased the maximum possible term of supervised release that can be imposed upon a conviction under 18 U.S.C. § 2252 from three years, to life. The PROTECT Act does not contain an alternate effective date, United States v. Brown, 163 Fed. Appx. 370 (6th Cir. 2006), and became effective upon acceptance (i.e., on April 30, 2003).

Visage served his 21-month prison sentence and began his supervised release term. During the course of the supervision, Visage's supervised release has been revoked three times: on March 7, 2007, Visage was sentenced to 12 months imprisonment upon a revocation; on November 29, 2010, he was sentenced to 23 months of imprisonment on a second revocation; and on October 25, 2012, he was sentenced to another 23-month term of imprisonment upon a third revocation. Visage is currently serving the prison term that was imposed on October 25, 2012.

Visage has already served over 36 months of imprisonment upon supervised release revocations under his conviction in this case. The instructions in 18 U.S.C. § 3583(h) mandate reducing the length of any term of supervised release by any term of imprisonment that was imposed upon revocation of supervised release. United States v. Brown, 639 F.3d 735 (6th Cir. 2011).

Federal Rule of Criminal Procedure 11(b)(1)(H) requires that a defendant who pleads guilty first be informed of "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Misinforming or failing to inform a defendant entirely affects a defendant's substantial rights, United States v. Reader, 254 Fed. Appx. 479 (6th Cir. 2007); United States v. Smagola, 390 Fed. Appx. 438 (6th Cir. 2010), and a defendant so affected can receive relief through collateral review, Hart v. Marion Corr. Inst., 927 F.2d 256, 259 (6th Cir. 1991). Appropriate relief includes an opportunity to withdraw his plea, and thereby enabled to go to trial or enter a new plea knowingly, Reader, supra; or to resentence the defendant, Hart, supra; Smagola, supra. Given that the errors in the instant case extend through the PSR and sentencing, the present case appears to be more like Hart and Smagola than Reader. It is also noteworthy that Visage has already served the term of imprisonment and what was believed, albeit mistakenly, to be the entire term of supervised release.

Visage informed the attorney appointed to assist him during the 2012 revocation proceeding about the discrepancies between what he was told in 2003 and 2004, and how his supervised release was actually being administered. Visage is not aware of why his counsel chose not to present this issue to the District Court or the Court of Appeals.

Visage has offered a declaration which provides additional details related to the administration of his sentence and his supervised release. He asks that the Court incorporate his declaration into this petition by reference as if the substance of the declaration were presented fully herein.

AO 243 (Rev. 10/07)

Page 6

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ . _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

**GROUND TWO:**    (There are no further grounds)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

Case 1:04-cr-00114-CLC-CHS   Document 54   Filed 08/22/13   Page 7 of 14   PageID #: 193

(2)  If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c)  Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

_____

Page 8

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

_____
_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

**GROUND FOUR:**   _____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground One has never been presented to any court. This is my first opportunity to present this issue.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the
    you are challenging?          Yes ☐          No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
    issues raised. _____

    _____

    _____

    _____

    _____

    _____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the
    you are challenging:

    (a) At the preliminary hearing: _____

    _____

    (b) At the arraignment and plea: _____

    _____

    (c) At the trial: _____

    _____

    (d) At sentencing:

    _____

    (e) On appeal: _____

    _____

    (f) In any post-conviction proceeding: _____

    _____

    (g) On appeal from any ruling against you in a post-conviction proceeding: _____

    _____

    _____

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
    and at the same time?          Yes ☐          No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are
    challenging?          Yes ☐          No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    _____

    _____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
    sentence to be served in the future?          Yes ☐          No ☐

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
     why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

     The revocation sentence which put the aggregated terms of imprisonment

beyond 36 months (the maximum possible term of supervised release which Visage

believed he could receive, and which was stated in the Presentence Report) was

imposed on October 25, 2012.  This is the date of discovery of the fact sup-

porting the instant claim.  See Johnson v. United States, 544 U.S. 295, 125 S.

Ct. 1571, 161 L. Ed. 2d 542 (2005).  Prior October 25, 2012, the Rule 11 error

did not affect Visage's substantial rights; after Visage served over 36 months of

supervised release, the error ceased to be harmless.  This petition is submitted

within one year of that date.

     Further, the revocation sentence was appealed, and the appeal was not de-

cided until July 16, 2013.  This motion under 28 U.S.C. § 2255 could not be pre-

sented in the District Court while jurisdiction over the case was in the Court

of Appeals.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
from the latest of –

   (1)  the date on which the judgment of conviction became final;

   (2)  the date on which the impediment to making a motion created by governmental action in violation of
   the Constitution or laws of the United States is removed, if the movant was prevented from making such a
   motion by such governmental action;

   (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has
   been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
   review; or

   (4)  the date on which the facts supporting the claim or claims presented could have been discovered
   through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:  Vacate the current sentence imposed
upon the revocation and either: (a) terminate the term of supervised release, or (b)

set aside the plea to enable Visage to either withdraw his guilty plea or enter a

~~knowing plea.~~
or any other relief to which movant may be entitled.

_____
                                                    n/a
                                                    Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on ____ $AUGUST, 19^{th}, 2013$ ____ .
                                                                        (month, date, year)


Executed (signed) on ___ $8/19/13$ _____ (date)


_____
Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.
n/a
_____
_____
_____